UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Independent Glass Association, Inc.,
an Illinois non-profit corporation,
Jane Roe, Jeff Winter and
Tim Weber,

           Plaintiffs,[1]

v.

Safelite Group, Inc., a Delaware
corporation, Safelite Solutions,
LLC, a Delaware limited liability
company, and Safelite Fulfillment
Services, Inc., a Delaware
corporation,

           Defendants.

MEMORANDUM OPINION
AND ORDER

Civil No. 05-238 ADM/FLN

---

Thomas H. Goodman, Esq., Siegel, Brill, Greupner, Duffy & Foster, P.A., Minneapolis, MN, argued for and on behalf of Plaintiffs Jane Roe and Jeff Winter.

Mark Herrmann, Esq., Jones Day, Cleveland, OH, and Todd A. Noteboom, Esq., Leonard, Street and Deinard, Minneapolis, MN, argued for and on behalf of Defendants Safelite Group, Inc. and Safelite Solutions.

---

## I. INTRODUCTION

On November 8, 2005, oral argument before the undersigned United States District Judge

---

[1] The initial Complaint included four plaintiffs, three defendants, and numerous claims. On August 26, 2005, the Court granted in part and denied in part Defendants' Motion to Dismiss. Winter's false advertising and deceptive trade practice claims and Roe's deceptive trade practice claim remained after the ruling on the dismissal motion. In addition, the Court held that Jane Roe's generalized concerns about professional retaliation were insufficient to allow her to proceed anonymously. Roe was allowed sixty days to either amend the Complaint to identify herself or submit evidence to the Court establishing a significant privacy interest or threat of physical harm. At oral argument on November 8, 2005, Plaintiffs' counsel related that Jane Roe no longer wished to proceed in this case. Therefore, Jane Roe's claim against Defendants is dismissed. All further referrals to the "Plaintiff" in this Order are to Plaintiff Jeff Winter.

was heard on Defendants' Safelite Group, Inc. and Safelite Solutions, LLC (collectively "Defendants" or "Safelite") Motion for Partial Summary Judgment [Docket No. 26].[2] Defendants move for summary judgment on Plaintiff Winter's ("Winter") remaining claims for violation of the Minnesota False Advertising Act and Minnesota Deceptive Trade Practices Act. For the reasons set forth herein, Defendants' Motion for Summary Judgment is granted.

## II. DISCUSSION

The background facts of this case, concerning Winter's quest to have his damaged car windshield replaced by the glass repair shop of his choice, are set out in the Court's Order of August 26, 2005 [Docket No. 21], and will not be repeated herein. While Plaintiff and Defendants disagree about some background facts, none of their disagreements constitute a material fact dispute.

In the instant motion, Defendants argue that Plaintiff's claims under both the Minnesota False Advertising Act ("MFAA") and Minnesota Deceptive Trade Practices Act ("MDTPA") must fail as a matter of law because Winter is unable to demonstrate facts to support an essential element of each statute. While Winter argues that Defendants attempted to steer him away from the glass shop of his choice and toward one of their network glass shops, their alleged steering practices were ineffective. Winter persisted in having his glass work performed by the repair shop of his choice, and the windshield glass was successfully replaced. Winter's insurance company covered the costs of the windshield repair and Winter had no out of pocket expense.

---

[2] Defendants initially filed a partial summary judgment motion, moving for summary judgment only against Plaintiff Winter's claims and refraining from proceeding against Jane Roe. Now that Jane Roe's claim is no longer a part of this lawsuit, Defendants' motion is a motion for complete summary judgment.

Therefore, Winter did not suffer any actual injury as a result of Defendants' alleged steering behavior, and should his windshield be damaged again, Winter is aware of Defendants' alleged tactics and will not suffer future loss.

Plaintiff responds that Defendants' prior Motion to Dismiss [Docket No. 2] was effectively a motion for summary judgment, which would convert the instant motion into a second motion for summary judgment, filed without first requesting permission for reconsideration.  However, Plaintiff concedes that Defendants assert theories in this motion that were not previously argued.  The Court does not construe Defendants' prior dispositive motion as one requiring permission to file the current motion.  Plaintiff also avers that construing the statutes as Defendants suggest would produce an absurd result.  Plaintiff claims that no one would ever be able to bring suit under the MDTPA because anyone who discovered the deceptive trade practice would forever after be on notice and able to avoid the particular practice.  Similarly, according to Plaintiff, no one would be able to bring suit under the MFAA because he would either be unaware of the practice that caused him injury or, upon discovery of the improper practice, successfully avoid injury.

### A.     False Advertising Act Claim

The Minnesota False Advertising Act broadly prohibits any person, firm, corporation, or association from making an untrue, deceptive or misleading material assertion, representation or statement in the sale or disposition of merchandise, securities or services.  Minn. Stat. § 325F.67. While the MFAA itself does not provide a private right of action, the Minnesota Private Attorney General Act does authorize private enforcement of the MFAA by "any person *injured* by a violation of [the MFAA]" to secure a public benefit.  Minn. Stat. § 8.31, subd. 3a (emphasis

added); see In re Lutheran Bhd. Variable Ins. Prods. Co. Sales Practices Litig., No. 99-MD-1309, 2002 WL 1023150, at *2 (D. Minn. May 17, 2002); Group Health Plan, Inc. v. Philip Morris Inc., 621 N.W.2d 2, 11 (Minn. 2001).

Winter has not alleged any actual injury, monetary or otherwise. Although Safelite allegedly attempted to steer Winter away from the auto glass repair shop of his choice and toward an auto glass repair shop in the Safelite network, Winter was not actually steered. Winter prevailed in his desire to have his auto glass fixed by the auto glass shop of his choice, Rapid Auto Glass. In addition, Winter's windshield was in fact repaired to his satisfaction. Although a Safelite employee allegedly suggested that Winter might have to pay out of pocket for any amount of repair charged by Rapid above Safelite's "fair and reasonable pricing," Winter was not charged for his auto glass repair service and his insurance company paid the entire amount of his claim. Because Winter has failed to allege any actual injury, his claim under the MFAA fails as a matter of law.

    **B.    Deceptive Trade Practices Act Claim**

The Minnesota Deceptive Trade Practices Act prohibits a person from engaging in deceptive trade practices, including "when, in the course of business, vocation, or occupation, the person . . . disparages the goods, services, or business of another by false or misleading representation of fact." Minn. Stat. § 325D.44, subd. 8. The remedies section of the MDTPA provides as the sole remedy for a violation of the MDTPA that "[a] person *likely to be damaged* by a deceptive trade practice of another may be granted an injunction against it." Minn. Stat. § 325D.45, subd. 1 (emphasis added). Therefore, a plaintiff must allege facts that demonstrate a risk of future harm in order to obtain an injunction under the MDTPA. See Jets Prolink Cargo,

Inc. v. Brenny Transportation, Inc., No. Civ. 02-1294, 2003 WL 22047910, at *4 (D. Minn. Aug 29, 2003).

In the instant case, Winter has failed to allege any facts that suggest a risk of future harm. As stated above, Winter was not persuaded by Safelite's alleged steering tactics and succeeded in having his auto glass replaced by the auto glass repair shop of his choice. In addition, now that Winter is aware of Safelite's alleged steering tactics, Winter is even more likely to be vigilant in the future, refusing to be swayed from using his preferred repair shop. Because Winter does not allege any facts showing a risk of future harm, his claim under the MDTPA fails as a matter of law.[3]

---

[3] Plaintiff implores the Court to give effect to the alleged purpose behind these consumer protection statues instead of the plain language used, in order to prevent the "absurd result" that no consumer who has been injured or is likely to be injured could ever bring suit. The Court can not, however, ignore the plain language of these statutes. While Plaintiff may have a cause of action against Safelite under another statute or another theory, he does not have a cause of action under either the MFAA or the MDTPA. The broad injunctive relief Plaintiff seeks may fall within the province of an attorney general rather than a private attorney general.

## III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants' Motion for Summary Judgment [Docket No. 26] is **GRANTED**; and

2. Plaintiff Jane Roe's claim is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:


      s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated: November 16, 2005.